UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | | |
|---|---|---|
| EDWARD CLARKE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2: 23-114-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| AMAZON.COM SERVICES LLC, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Amazon.com Services LLC ("Amazon") has filed a motion to dismiss Plaintiff Edward Clarke's claim of wrongful termination and certain forms of requested relief, pursuant to Federal Rule of Civil Procedure 12(b)(6). [Record No. 7] The motion will be denied because Clarke sufficiently alleged a claim for wrongful termination in violation of public policy and dismissing or striking from the Complaint the forms of relief sought would be procedurally inappropriate.

## I.

Amazon employed Plaintiff Clarke as a Load Planner prior to his termination on or about January 17, 2023. Clarke's position required him to ensure Amazon's planes were loaded correctly, that the weight of the freight loaded was appropriate for each plane, and that the company adhered to state and federal regulations. [Record No. 1-1, ¶¶ 14–16] Clarke alleges that he observed Amazon employees attempting to overload aircraft and manipulate

- 1 -

loading data, acts that he contends violate federal regulation and state law.[1]  *See* KRS 183.100.

He notes that overloading the planes jeopardizes the safety of the plane, its cargo, and the pilots

in violation of Kentucky Revised Statute ("KRS") 183.100.   The Complaint contains

allegations that Clarke's refusal to violate Kentucky law led to aircraft delays, that he reported

the observed misconduct to his supervisors, and that he was disciplined and ultimately

terminated for the delays that resulted from his compliance with the law.

Clarke filed a Complaint in Boone Circuit Court on August 8, 2023.  It alleged: Race

Discrimination in Violation of KRS § 344.010 (Count I) and Wrongful Termination in

Violation of Public Policy (Count II).  Clarke's Demand for Relief includes injunctive relief,

compensatory damages, and punitive damages.  Amazon properly removed the action to this

Court on August 30, 2023.  Thereafter, Amazon moved to dismiss Count II and the requests

for injunctive relief and punitive damages pursuant to Rule 12(b)(6).

## II.

To survive a motion to dismiss filed under Rule 12(b)(6), a complaint must contain

sufficient factual allegations to state a claim that is plausible on its face.  *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009).  The plaintiff need not offer detailed factual allegations but must provide

more than mere "labels and conclusions, and a formulaic recitation of the elements of a cause

of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The complaint

must enable a court to draw a "reasonable inference that the defendant is liable for the

misconduct alleged."  *Iqbal*, 556 U.S. at 678.  To be plausible, a claim need not be probable,

---

[1] Clarke's Complaint does not reference a specific FAA regulation.  He references the Federal Aviation Administration's *Air Traffic and General Operating Rules*, 14 C.F.R. § 91.605, for the first time in his Response memorandum to the instant motion.

but the complaint must show "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Finally, in reviewing a Rule 12(b)(6) motion, courts construe the complaint "in the light most favorable to the plaintiff" and make "all inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).

## A.

Under Kentucky law, the "terminable at will" doctrine provides that "an employer may discharge his at-will employee for good cause, for no cause, or for a cause that some might view as morally indefensible." *Firestone Textile Co. Div. v. Meadows*, 666 S.W.2d 730, 731 (Ky. 1984). However, the Supreme Court of Kentucky has carved out a narrow public policy exception, which is subject to the following constraints:

1) The discharge must be contrary to a fundamental and well-defined public policy as evidenced by existing law.
2) That policy must be evidenced by a constitutional or statutory provision.
3) The decision of whether the public policy asserted meets these criteria is a question of law for the court to decide, not a question of fact.

*Grzyb v. Evans*, 700 S.W.2d 399, 401 (Ky. 1985).

Under the first constraint, Kentucky courts only recognize three circumstances in which a discharge is actionable under the public policy exception. These circumstances are: (1) when there are explicit legislative statements prohibiting the discharge; (2) when the alleged reason for the discharge was the employee's failure or refusal to violate a law in the course of employment; or (3) when the reason for the discharge was the employee's exercise of a right conferred by well-established legislative enactment. *Hill v. Ky. Lottery Corp.*, 327 S.W.3d 412, 422 (Ky. 2010). In addition to satisfying one of those conditions, the public policy being invoked must have "an employment-related nexus." *Grzyb*, 700 S.W.2d at 402.

Clarke contends that his discharge was contrary to public policy because he was fired for refusing to violate the law during his employment.  As a Load Planner for Amazon, he alleges that he refused to exceed the weight limits on Amazon's airplanes, an act that would violate FAA regulation and Kentucky law declaring that:

> No person shall operate any aircraft within the state in any form of navigation whatsoever in violation of the air traffic rules promulgated by the cabinet or the Federal Aviation Administration. For enforcement purposes, cabinet personnel shall have access at all reasonable times to appropriate books, records, and logs of any person operating aircraft in the state.

KRS 183.100.  Amazon argues that Clarke fails to demonstrate an employment-related nexus, suggesting that employee protection must be the primary purpose of the statute in question and that KRS 183.100 has no such purpose.  But the defendant misconstrues what Kentucky courts have required.

Amazon cites two cases in support of its argument, but neither involved a plaintiff discharged for refusing to violate a law.  *Shrout v. The TFE Group*, 161 S.W.3d 351, 355 (Ky. App. 2005) ("Shrout's claim is not that he was fired for failing or refusing to violate a law in the course of his employment . . . ."); *Marshall v. Montaplast of North America, Inc.*, 575 S.W.3d 650, 652 (Ky. 2019) ("Marshall asserts that she was terminated because of her 'exercise of a right conferred by well-established legislative enactment,' . . . .").  Shrout's claim fell outside of the judicially created public policy exceptions; Marshall's fell squarely under the third public policy exception.

A far more appropriate analog is *Greissman v. Rawlings and Associates, PLLC*, 571 S.W.3d 561 (Ky. 2019).  *Greissman* dealt with an attorney who was terminated because she refused to sign a noncompete agreement, believing that it violated the Kentucky Rules of Professional Conduct.   The Supreme Court of Kentucky's analysis referenced the

employment-related nexus requirement but did not apply it "because the case dealt with a separate ground for establishing public policy—the alleged refusal to violate a law, . . . in the course of employment." *Marshall*, 575 S.W.3d at 655 (describing the Kentucky Supreme Court's analysis in *Greissman*). The employment-related nexus requirement is inherently satisfied under the second public policy exception because the refusal to violate the law occurred "in the course of employment." *See Hill*, 327 S.W.3d at 422. At least in this regard, Clarke's claim under the second public policy exception is sufficiently alleged.

**B.**

Amazon next argues that KRS 183.100 cannot support a wrongful discharge claim because it does not assert an appropriate public policy (1) based on a Kentucky statute or constitutional provision and (2) it is not primarily directed at protecting employees in their employment situation.

**1.**

The first part of this argument addresses the second constraint set forth in *Grzyb*: the policy must be evidenced by a constitutional or statutory provision of the Commonwealth. Amazon states that federal regulations cannot support a wrongful discharge claim and that the substantive policy Clarke relies on is attributable to federal aviation regulation rather than the text of KRS 183.100. Kentucky courts, however, disagree.

In *Mitchell v. Coldstream Laboratories, Inc.*, 337 S.W.3d 642 (Ky. App. 2010), Timothy Mitchell, a former Vice President at Coldstream Laboratories, Inc., appealed the dismissal of a counterclaim filed against his former employer alleging wrongful discharge for failing to violate a law. Rather than cite to a specific state statute or constitutional provision, Mitchell's counterclaim merely alleged that his discharge "violated federal whistleblower

laws" and a well-defined public policy requiring "honest and full compliance with the FDA investigators." *Id.* at 644–46. Coldstream's brief on appeal argued that Mitchell "must articulate a statutory basis for his claim in order for the court to engage in even the primary levels of analysis." *Id.* at 646 (citing Appellee's Brief at 4–5). But the Court of Appeals of Kentucky disagreed, vacating the Fayette Circuit Court's dismissal, and holding that Mitchell "articulated a set of facts sufficient to support his initial claim of wrongful discharge" and that "dismissal on the pleadings was premature." *Id.* at 646.

Whether KRS 183.100 suffices as an expositor of Kentucky public policy is a matter of substantive law for the Court to decide. *See Grzyb*, 700 S.W.2d at 401. Where a state's highest court has yet to render a determination regarding an underlying principle of state law, "federal authorities must apply what they find to be the state law after giving proper regard to relevant rulings of other courts of the State." *Comm'r v. Bosch's Est.*, 387 U.S. 456, 465 (1967) (internal quotation omitted). The plaintiff's Complaint was originally filed in the Boone Circuit Court, and it is there that this Court finds some persuasive guidance.

The Boone Circuit Court recently recognized KRS 183.100 as an appropriate statute to support a wrongful termination claim. *See Raymond F. Justinic v. Ft. Mitchell Constr., LLC, et al.*, No. 18-CI-01276 (Boone Cir. Ct. filed Sept. 7, 2018), *appeal docketed*, No. 2022-CA-0386 (Ky. App. Apr. 8, 2022).[2] In that case, a private pilot was fired after refusing to fly from Boone County, Kentucky to San Juan, Puerto Rico, despite citing unsafe conditions created by Hurricanes Irma and Jose. In his counterclaim for wrongful termination, he argued that: (1)

---

[2] The relevant counterclaim was filed in *Airtech, Inc. v. Raymond F. Justinic*, No. 17-CI-01364 (Boone Cir. Ct. filed Oct. 13, 2017), which was consolidated with the above referenced case on August 16, 2019.

pursuant to KRS 183.100, it is against public policy for any person to operate an aircraft in violation of FAA regulations; (2) 14 C.F.R. § 91.13 prohibits anyone from operating "an aircraft in a careless or reckless manner so as to endanger the life or property of another"; and (3) he was terminated for refusing to violate KRS 183.100 and pilot the plane in unsafe conditions.  *See* Answer and Counterclaim at ¶¶ 56–59, *Airtech, Inc. v. Raymond F. Justinic*, No. 17-CI-01364 (Boone Cir. Ct. Nov. 30, 2017).

The trial court determined as a matter of law that the public policy espoused by KRS 183.100 dictated an adherence to FAA regulations, and that violating those federal regulations was a violation of public policy as evidenced by KRS 183.100.  The case proceeded to trial where the jury rendered a verdict in favor of the pilot's wrongful termination claim.  *See* Trial Order and Judgment, *Raymond F. Justinic v. Ft. Mitchell Constr., LLC, et al.*, No. 18-CI-01276 (Boone Cir. Ct. Dec. 17, 2021).  After the court denied a motion for judgment notwithstanding the verdict, the defendants appealed to the Court of Appeals of Kentucky where the matter remains pending.[3]  *See* Order, *Raymond F. Justinic v. Ft. Mitchell Constr., LLC, et al.*, No. 18-CI-01276 (Boone Cir. Ct. Mar. 11, 2022).

But regardless of whether Kentucky's Court of Appeals upholds KRS 183.100 as being supportive of a wrongful termination claim, the court has already instructed that no such statutory specificity is required to survive the pleadings stage.  *See Mitchell*, 337 S.W.3d at 646.  Clarke's Complaint, even in the absence of specific statutory references, makes sufficient allegations to support a claim of wrongful termination in violation of public policy.

---

[3] It is noteworthy that one of the issues on appeal is whether KRS 183.100 provides the necessary foundation to support a wrongful termination claim.  *See* Appellant's Brief at 6–7, *Ft. Mitchell Constr., LLC, et al. v. Raymond F. Justinic*, No. 2022-CA-0386 (Ky. App. filed Apr. 8, 2022).

**2.**

The second part of Amazon's argument is related and can be disposed of in short order.

Amazon asserts:

> While [KRS 183.100] has a safety aim, that aim is to protect the *public*, not to protect employees from termination. . . . "The statute [being relied on to support a wrongful discharge claim] must make clear that it intends to protect employees in their employment situation. . . ." *Marshall*, 575 S.W.3d at 656.

[Record No. 7, p.8]   Amazon's argument would be correct if Clarke were pursuing wrongful discharge under the third public policy exception, as was the case in *Marshall*.   "When an employee exercises a constitutional or statutory right which leads to his termination from employment, . . . 'the public policy must be . . . directed at providing statutory protection to the worker in his employment situation.'" *Greissman*, 571 S.W.3d at 566–67 (quoting *Shrout*, 161 S.W.3d at 354).   However, no such requirement exists under the second exception, where an employee is allegedly terminated for refusing to violate a law.   *See id.* at 567 (stating that a Rule of Professional Conduct may qualify as public policy for purposes of a wrongful discharge claim if the rule is "designed to serve the interests of the public at large").   If Amazon's contention were true, an employee terminated for refusing to commit theft may not have an actionable wrongful discharge claim because KRS 514.030 (theft by unlawful taking or disposition) is not directed at providing employee protection.   The Supreme Court of Kentucky has made clear that discharging an employee for refusal to violate a law is, by itself, "so contrary to public policy as to be actionable as wrongful discharge." *Hill v. Ky. Lottery Corp.*, 327 S.W.3d 412, 422 (Ky. 2010).

Clarke's Complaint alleges that he was terminated for refusing to violate a law during his employment.   Even if he were required to cite to a supportive statutory provision in his

Complaint, it would not have to be a statute that is directed at providing worker protection. For that reason, Clarke's wrongful termination claim survives Amazon's motion to dismiss.

### C.

"'[R]eply briefs *reply* to arguments made in the response brief—they do not provide the moving party with a new opportunity to present yet another issue for the court's consideration.'" *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008) (quoting *Novosteel SA v. United States, et al.*, 284 F.3d 1261, 1274 (Fed. Cir. 2002)). Despite this principle, Amazon includes a new argument in its Reply: "a wrongful discharge case based on an alleged refusal to violate the law must include an allegation that the employer instructed the employee to violate the law, or otherwise forced the employee to be complicit in illegality." [Record No. 13, p.4]

Amazon cites to some unpublished opinions holding that an employee "must show an affirmative request to him/her by the employer to violate the law." *Welsh v. Phoenix Transp. Servs.*, No. 2007-CA-1231, (Ky. Ct. App. Aug. 14, 2009) (unpublished). The Sixth Circuit addressed this argument and reached the conclusion that "the policy behind this exception is to prevent an employee from having to choose between losing his job and breaking the law." *Alexander*, 714 F. App'x at 509. In addition to an affirmative request, the Sixth Circuit reasoned that the policy is also implicated when "an employee learns of illegal activity and, although not directly invited to participate by his employer, knows he will inevitably become complicit in the illegality by performing his normal work responsibilities." *Id.* Clarke's Complaint alleges that adhering to the law resulted in delays for which he was disciplined. To avoid discipline, it follows that he would necessarily have to become complicit. The Supreme Court of Kentucky's binding opinion in *Greissman* seems to suggest that a claim can also

- 9 -

proceed where the plaintiff shows a "reasonable, good faith belief" that his employer's request is illegal.  571 S.W.3d at 568.  Considering the difficult bar for Amazon to clear on a motion to dismiss, the Court is not persuaded that Clarke's Complaint fails demonstrate a reasonable, good faith belief that his avoidance of discipline would inevitably force him to participate in illegal activity.

### D.

Amazon's motion seeks to dismiss Clarke's wrongful termination claim and, upon doing so, his request for punitive damages.  [Record No. 7, p.10]  Since Clarke's wrongful termination claim survives the instant motion, so too will his request for punitive damages.  Additionally, Amazon moves to dismiss or strike Clarke's demand for certain injunctive relief, describing it as "absurd and unavailable as a matter of law."  *Id.*

Amazon's motion identifies Rule 12(b)(6) as the vehicle through which this Court should dismiss or strike Clarke's request for injunctive relief.  But Rule 12(b)(6) is tailored to test the sufficiency of the claims in a complaint, not the types of relief sought.  A cause of action and the type of relief requested are distinct elements of a pleading.  *See* Fed. R. Civ. P. 8(a).  Where a plaintiff *exclusively* seeks an unobtainable remedy, dismissal of the entire claim under Rule 12(b)(6) may be appropriate because the claim—whatever it may be—is not one for which "relief can be granted".  *See Bontkowski v. Smith*, 305 F.3d 757, 762 (7th Cir. 2002).  But setting aside the request for injunctive relief, Clarke's Complaint sufficiently alleges claims for which the requested monetary damages can be granted.  For that reason, Rule 12(b)(6) will be of no use here.

Amazon's request to "strike" the requested relief may invoke the Court's exercise of Rule 12(f).  But even if the Court were to construe Amazon's motion as a request under Rule

12(f), which allows for striking "redundant, immaterial, impertinent, or scandalous matter," the motion would be denied.  "[I]t is well established that the action of striking a pleading should be sparingly used by the courts." *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953).  It should be used "only when required for the purposes of justice" and when "the pleading to be stricken has no possible relation to the controversy." *Id.* Striking Clarke's request for injunctive relief, absent more, does not rise to the occasion.  Other courts have contemplated the appropriateness of using Rule 12(f) to strike requested relief from a complaint and have reached a similar conclusion.  *See Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970 (9th Cir. 2010); *Zimmerman v. 3M Co.*, 542 F. Supp. 3d 673 (W.D. Mich. 2021); *Bocock v. Specialized Youth Servs. of Va., Inc.*, No. 14-cv-050, 2015 WL 1611387 (W.D. Va. Apr. 10, 2015).

At this early, pre-answer stage of litigation, the record is wholly underdeveloped.  The Court is cognizant of the fact that premature dismissals or decisions on an underdeveloped record can be an exercise in judicial inefficiency, potentially prolonging litigation with avoidable motions and appeals.  Without permitting this case to mature, the Court cannot determine whether all or any of the injunctive relief sought by Clarke is unwarranted or inappropriate.  Permitting Clarke's request for injunctive relief to proceed is not a ruling on the merits, but merely a recognition that a determination on the merits is not appropriate at this time.

### III.

In summary, Clarke has sufficiently alleged a claim against Amazon under Kentucky common law for wrongful termination in violation of public policy.  Without addressing the

merits of Clarke's requested injunctive relief, the Court finds that dismissing or striking those elements of the Complaint would be procedurally inappropriate.  Accordingly, it is hereby

**ORDERED** that Amazon's partial motion to dismiss [Record No. 7] is **DENIED**.

Dated: October 24, 2023.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky